E-FILED
Thursday, 18 September, 2008 09:57:19 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**FILED**

SEP 18 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLARD MAHR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 08-3203 |
| ) | |
| SHERIFF NEIL WILLIAMSON, Sheriff of ) | |
| Sangamon County, Illinois, SANGAMON ) | |
| COUNTY, ILLINOIS, a Body Politic, ) | |
| DAVID DODWELL, M.D., Unknown ) | |
| Correctional Officers and Medical Provider ) | |
| Personnel, and Unknown Nurses, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, WILLARD MAHR, *pro se*, and for his Complaint complaining of Defendants Sheriff Neil Williamson, Sheriff of Sangamon County, Illinois, Sangamon County Illinois, a body politic, David Dodwell, M.D., Unknown Correctional Officers and Medical Provider Personnel and Unknown Nurses, respectfully states as follows:

### COUNT I

**(Deliberate Indifference of a Serious Known Medical Need-Compensatory Damages)**

1.      On or about September 21, 2006, prior thereto, and at all times relevant herein, the Plaintiff was incarcerated, awaiting trial and/or sentencing, and was under the care, custody and control of the Sheriff of Sangamon County, Illinois and Sangamon County, Illinois, a body politic.

2. On or about September 21, 2006, prior thereto, and at all times relevant herein Defendant, Neil Williamson, was the duly elected Sheriff of Sangamon County, Illinois was responsible under the laws of Illinois for the care, custody, control and for attending to the known serious medical needs and medical condition of the Plaintiff while he was in his custody.

3. At all times relevant herein, the Defendant, County of Sangamon, a Body Politic was responsible under the laws of Illinois for the care, custody and control of the Plaintiff and was responsible for attending to the known serious medical needs and medical condition through its employees, agents, and servants.

4. At all times relevant herein, Defendant, David Dodwell, M.D., is a medical practitioner and was in a private capacity at St. John's Pavilion Center. Dr. Dodwell was under contract, either written or oral, to the Sheriff of Sangamon County, Illinois or the County of Sangamon, Illinois to provide medical services and treatment to inmates when requested by the Sheriff of Sangamon County, Illinois, the County of Sangamon, Illinois and employees, agents and servants of the County of Sangamon, Illinois. The Defendant thereby became an agent, servant or employee of the County of Sangamon, Illinois for specific medical treatment and consultations for the Sheriff of Sangamon County, Illinois and the County of Sangamon, Illinois.

5. At all times relevant herein, Defendant, David Dodwell, and relevant times prior thereto performed laser surgery on the left eye and injected a steroid shot to his right eye. An accident occurred during this treatment regarding the Plaintiff's right eye and fluid emitted from his right eye.

6. The Plaintiff immediately experienced pain in his right eye.

7. Plaintiff consulted the Defendant, Dr. Lochard thereafter and the Plaintiff informed Dr. Lochard his eyes were getting worse especially to the right eye.

8. When Plaintiff again consulted Dr. Lochard when he tried to explain his symptoms and medical condition, Dr. Lochard told him to move away.

9. The Defendant, Dr. Lochard prescribed drugs which were improper, not suitable for the medical treatment of the medical condition of the Plaintiff which caused the medical condition of the Plaintiff to worsen.

10. At all times relevant herein, the Defendant, Sheriff Neil Williamson of Sangamon County, Illinois knew or should have know of the serious medical condition of the Plaintiff, instituted a policy of limited medical care and treatment to inmates and especially the Plaintiff, and took no steps to ensure proper medication and treatment for the Plaintiff's serious known medical condition himself or by his agents, servants and employees.

11. The Defendant, County of Sangamon, Illinois had knowledge of the serious known medical condition of the Plaintiff thought its agents, servants and employees and failed to take steps to properly treat the Plaintiff's serious known medical condition.

12. The unknown Defendants and each of them, employees, agents, servants, and medical, and nurse providers employed by the Sheriff of Sangamon County, Illinois and the County of Sangamon, Illinois failed to treat or properly treat the medical condition of the Plaintiff which caused pain and suffering to the Plaintiff and on occasion refused to give the Plaintiff medical treatment or consultation, and gave the Plaintiff improper medication which has caused permanent damage to the Plaintiff.

13. The Plaintiff as a result of medical procedures to his eye and the improper medication given to the Plaintiff caused his blood pressure and his medical condition to worsen which was life-threatening to the Plaintiff and as a result permanent damage has resulted to Plaintiff's eyes and the medication has caused permanent damage to the Plaintiff including but not limited to his kidneys because of the rise in his blood pressure.

14. The Defendants and each of them knew or should have known of the serious medical condition of the Plaintiff, i.e. diabetes, which requires special attention to ensure that the Plaintiff will not suffer further medical damage as a result of his incarceration.

15. The Defendants, and each of them, as a result and consequence of their deliberate indifference of a serious known medical need, medical condition, and treatment, the Plaintiff has suffered and continues to suffer pain and suffering, permanent injury to his body and person, permanent disability, and mental and emotion anguish of body and mind.

16. The Plaintiff has complied with all rules of the Sheriff of Sangamon County, Illinois and the County of Sangamon, Illinois pertaining to the nature of his treatment for his serious known medical needs and has filed grievances regarding the same.

17. This cause of action arising under 42 U.S.C. § 1983 in that the Defendants, and each of them, demonstrated deliberate indifference to the Plaintiff for his serious known medical needs and necessary treatment for his known medical condition while he was in their custody, and specifically, Defendant Dr. Dodwell was acting under color of law by being an agent, servant, or employee on this case by oral or written

4

contract with the Sheriff of Sangamon County, Illinois and Sangamon County, Illinois which deliberate indifference is also contrary to the Eighth Amendment to the Constitution of the United States.

WHEREFORE, the Plaintiff, WILLARD MAHR, requests judgment against the Defendants, Sheriff Neil Williamson, Sheriff of Sangamon County, Illinois, Sangamon County Illinois, a body politic, David Dodwell, M.D., Unknown Correctional Officers and Medical Provider Personnel and Unknown Nurses in an amount in excess of $50,000 for compensatory damages and for all damages sustained and for costs therein.

## COUNT II

### (Punitive Damages)

1-17.  Plaintiff, Willard Mahr, adopts, repeats and realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of Count I of the Complaint herein as and for paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of Count II of the Complaint herein and expressly incorporates the same herein by reference as though set forth in full as in *haec verba*.

18.   The deliberate indifference of the Defendants and each of them of a known serious medical need of the Plaintiff and a serious known medical condition was done in a willful, malicious, and wanton manner for which the Plaintiff requests punitive or exemplary damages.

WHEREFORE, the Plaintiff, WILLARD MAHR, requests judgment against the Defendants Sheriff Neil Williamson, Sheriff of Sangamon County, Illinois, Sangamon County Illinois, a body politic, David Dodwell, M.D., Unknown Correctional Officers

and Medical Provider Personnel and Unknown Nurses in an amount in excess of $50,000 for punitive damages and for all damages sustained and for costs therein.

**PLAINTIFF DEMANDS TRIAL BY JURY**

WILLARD MAHR, Plaintiff, *Pro se*

s/ Willard Mahr, Plaintiff, *Pro Se*<br>Willard Mahr, Plaintiff, *Pro Se*

Willard Mahr
A-78072
Statesville Correctional Center
P.O. Box 112
Joliet, IL 60434

6